# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KELLY STAPLEY,<br><br>Plaintiff,<br><br>vs.<br><br>MINNESOTA LIFE INSURANCE CO.,<br><br>Defendant. | ORDER ON<br>EVIDENTIARY MOTIONS<br><br><br>Case No. 2:17-cv-653<br><br>Judge Clark Waddoups |

Before the court are Plaintiff's Motion *in Limine* to Exclude Part of Dr. Laurene Joseph's Testimony (ECF No. 64) and Motion *in Limine* to Exclude Dr. Dennis Lee's Written Opinions (ECF No. 65), as well as Defendant's Motion *in Limine* to Exclude Hearsay Statements of Penny Johnson (ECF No. 66) and Motion to Preclude Portion of Kelly Stapley's Testimony (ECF No. 77). At a Final Pretrial Conference held on October 18, 2019, the court heard argument, made findings, and issued rulings on each motion. This written order substantiates the court's oral rulings. Each motion will be discussed in turn.

**I.** **Plaintiff's Motion *in Limine* to Exclude Part of Dr. Laurence Joseph's Testimony**

Plaintiff seeks to prevent Dr. Laurence Joseph ("Dr. Joseph") from testifying whether she reviewed Conrad Jahries's ("Mr. Jahries") medical records or talked to Mr. Jahries's family or primary care physician before she prepared part of Mr. Jahries's death certificate. Dr. Joseph performed a medical evaluation on Mr. Jahries on October 16, 2015, the day before he died. At her deposition, Dr. Joseph testified that she could not remember whether she had Mr. Jahries's treatment records or spoke with his family but stated that she did not have any reason to doubt

that she followed her normal practice of obtaining such information in this case. (ECF No. 64-1, at 16:6–19, 25:11–25, 42:1–12). Plaintiff asserts that Dr. Joseph should be barred from offering such testimony at trial under Rule 702 of the Federal Rules of Evidence because it is speculative and thus inappropriate to be offered by an expert witness and under Rule 403 because it could confuse the jury.

Plaintiff's Motion *in Limine* to Exclude Part of Dr. Laurene Joseph's Testimony (ECF No. 64) is **GRANTED IN PART**. While Dr. Joseph is permitted to testify as to her normal practice, she is **PRECLUDED** from testifying, or speculating, that she followed that practice in regards to Mr. Jahries.

## II. Plaintiff's Motion *in Limine* to Exclude Dr. Dennis Lee's Written Opinions

Plaintiff seeks to exclude a claim log that contains, among other statements, a summary of Dr. Dennis Lee's ("Dr. Lee") review, and opinion, of Mr. Jahries's medical history (the "Claim Log"). (ECF No. 65-1). Defendant originally intended to call Dr. Lee to testify at trial as an expert witness, but he subsequently became unavailable. As such, by order entered August 20, 2019 (ECF No. 63), the court allowed Defendants to substitute Dr. Flyer as its expert witness. Plaintiff argues that it would be unduly prejudicial to allow Defendant to put Dr. Flyer on the stand and also admit the opinion of Dr. Lee. Defendant asserts that it does not intend to admit the Claim Log to establish Mr. Jahries's cause of death, but rather to rebut Plaintiff's claim that it did not diligently investigate Plaintiff's claim.

Plaintiff's Motion *in Limine* to Exclude Dr. Dennis Lee's Written Opinions (ECF No. 65) is **GRANTED IN PART**. While Defendant may present that it received advice from Dr. Lee, it is **PRECLUDED** from presenting the content of that advice. Defendant is to propose an instruction or stipulation regarding the means by which it intends to proceed on this issue.

### III. Defendant's Motion *in Limine* to Exclude Hearsay Statements of Penny Johnson

In its May 8, 2019 Memorandum Decision and Order Denying in Part and Granting in Part Motion to Exclude Testimony of Dr. Rothfeder (ECF No. 49), the court ruled that statements of Nurse Johnson, made through her written memo (ECF No. 32-3) ("the Memo") and a conversation she had with Dr. Rothfeder (ECF No. 32-4) ("the Statements to Rothfeder"), were hearsay but declined to exclude them at that time, as it could not "rule as a matter of law that [they] would not be admitted under either Rule 804 or 807." Defendant moves to exclude Nurse Johnson's statements, as well as the notes Dr. Rothfeder took memorializing the Statements to Rothfeder (the "Rothfeder Note"), asserting that neither Rule 804(b)(4) nor 807 applies.

Defendant's Motion *in Limine* to Exclude Hearsay Statements of Penny Johnson (ECF No. 66) is **DENIED**. After reviewing the arguments of counsel, the court now concludes that Nurse Johnson's statements are not admissible under Rule 804(b)(4). The court, however, remains unable to determine if those statements are admissible under Rule 807. As such, it will **RESERVE RULING** on the admissibility of the Memo, the Statements to Rothfeder, and the Rothfeder Note until the same are offered at trial. As indicated at the Final Pretrial Hearing, the court is inclined to allow the admission of the Memo and the Statements to Rothfeder but exclude the Rothfeder Note.

### IV. Defendant's Motion to Preclude Portion of Kelly Stapley's Testimony

In Plaintiff's Memorandum Opposing Motion to Exclude Hearsay Statements of Penny Johnson (ECF No. 68), Plaintiff represented that Ms. Stapley "will testify at trial that she was the first family member to arrive after her father died and she saw him in an unusual position on the floor at the bathroom doorway when she arrived" and that Mr. Jahries's position was "similar to the description in Nurse Johnson's statements to Dr. Rothfeder." Defendant argues that such

testimony should be precluded pursuant to Rule 37(c) of the Federal Rules of Civil Procedure because Plaintiff failed to disclose its existence in her Initial Disclosure and discovery responses.

Defendant's Motion to Preclude Portion of Kelly Stapley's Testimony (ECF No. 77) is **DENIED**. At the Final Pretrial Hearing, the court found that the weight of the four factors set forth in *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985 (10th Cir. 1999) establishes that Plaintiff's September 9, 2016 disclosure of Ms. Stapley's purported testimony was harmless. That testimony is therefore **NOT PRECLUDED** by Rule 37(c).

DATED this 21st day of October, 2019.

BY THE COURT:

_____
Clark Waddoups
United States District Judge